**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

## CIVIL MINUTES – GENERAL

Case No. SA CV 17-1262-DOC (DFMx)                    Date:  September 25, 2017

Title: SUEMUR BEZABEH V. ENVIROBUSINESS, INC., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

     Before the Court is Plaintiff Suemur Bezabeh's ("Plaintiff") Motion to Remand to State Court ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion.

## I.  Background

     The Court adopts the facts as set out in Plaintiffs' Complaint ("Compl.") (Dkt. 1-2) and Defendant Envirobusiness, Inc.'s ("Defendant") Notice of Removal (Dkt. 1).

     Plaintiff is a resident of Westminster, County of Orange, and was hired by Defendant in February 2015. Compl. ¶¶ 1, 7. On multiple occasions, the Defendant's President made racially discriminatory and offensive remarks to Plaintiff and other employees. *Id.* ¶¶ 9, 12–13. After Plaintiff complained about these remarks to management on September 26, 2016, he faced "a blatant campaign of retaliation," which eventually created such a hostile work environment that Plaintiff quit his job in November 2016. *Id.* ¶¶ 15, 26, 31.

On June 20, 2017, Plaintiff brought this action in the Superior Court of California, County of Orange. Not. Rem. ¶ 1. Plaintiff alleges a claim for wrongful termination as well as three claims under the Fair Employment and Housing Act ("FEHA"): racial discrimination, retaliation, and failure to prevent discrimination. Compl. ¶¶ 32–65.

On July 21, 2017, Defendant removed the case to this Court based on diversity jurisdiction. *See* Not. Rem. ¶ 3.

On August 18, 2017, Plaintiff filed the instant Motion. Mot. at 1. On August 28, 2017, Defendant opposed (Dkt. 10), and on September 1, 2017, Plaintiff replied (Dkt. 14).

## II. Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by an act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within thirty days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Federal diversity jurisdiction requires that the parties be "citizens of different states" and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the Complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively

satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

However, a removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Under recent Supreme Court precedent, the allegations in a defendant's notice of removal that the amount in controversy exceeds the jurisdictional threshold need only be "plausible." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, once the plaintiff challenges removal the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Id.*; *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

## III.    Discussion

In seeking remand to state court, Plaintiff argues that Defendant improperly removed the case on the alleged basis of diversity jurisdiction, because Defendant "failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence, as required." Mot. at 3, 7. Defendant responds that removal was proper, because Defendant's Notice of Removal "satisfied the Supreme Court's requirement of including a 'plausible allegation' that the amount in controversy exceeds the jurisdictional threshold of $75,000.00." Mot. at 1.

In determining the amount in controversy, courts first look to the complaint, because "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, however, Plaintiff's Complaint does not state an amount in controversy or provide a dollar amount estimate of damages sought. *See* Compl. at 16–17. For each of his four causes of action, Plaintiff broadly requests relief in the form of compensatory damages, "economic and/or non-economic damages," "general and/or non-economic damages," damages for emotional distress, punitive damages, and reasonable attorney's fees. *Id.* "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(A)).

On the basis of Plaintiff's underlying claims and broad prayer for relief, Defendant claimed in its Notice of Removal that the amount in controversy exceeds 75,000 dollars. Not. Rem. ¶ 7. To support this claim, Defendant explained that

> [a] review of Plaintiff's employment documents indicates that in 2016, Plaintiff earned an annual base salary of $80,000.00 with a bonus of $10,199.00. Plaintiff's employment with [Defendant] ended on November 18, 2016. Accordingly, his claim for lost wages alone, as of the date of removal, exclusive of any interest, amounts to approximately $53,333.33. Assuming a trial date of one year from the date of removal, an estimate of Plaintiff's claim for lost wages alone, from the date of his alleged termination through the time of trial, exclusive of any interest, amounts to approximately $133,333.33.

Not. Rem. ¶ 7a (internal citations omitted). Defendant points out that Plaintiff also seeks emotional distress damages, punitive damages, and attorney's fees, and that it is thus "reasonable to estimate that the amount in controversy far exceeds $75,000." *Id.* ¶¶ 7b–e.

Because "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions," Defendant's Notice of Removal sufficiently pled that the amount in controversy exceeded $75,000. *Ibarra*, 775 F.3d at 1197 (quoting *Dart*, 135 S. Ct. at 554).

Nonetheless, once a plaintiff contests a removing defendant's assertion of the amount in controversy, "evidence establishing the amount is required." *Id.* In such cases, both parties may submit proof of the amount in controversy through "summary-judgment-type evidence" including "affidavits and declarations," and the defendant seeking removal bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id.* Here, Defendant has filed as exhibits to its Opposition company documents showing that Plaintiff's salary was in fact $80,000 per year and that he received a bonus of $10,199 in 2016. Leibowitz Declaration Exs. A (Dkt. 10-5) at 1, B (Dkt. 10-6) at 1.

Plaintiff does not submit any evidence of his own regarding the amount in controversy, but instead argues that Defendant has failed to show that the amount exceeds $75,000. Plaintiff claims that, "[a]t best, Defendant established that Plaintiff's lost wages were $53,333.33 at the time of removal, with a chance of recovering 12.5% of that amount in attorneys' fees." Reply at 2. Thus, the parties do not dispute that lost wages at the time of removal were $53,333.33 and that Plaintiff may be able to recover attorney's fees of 12.5%. If those lost wages are the only damages, attorney's fees would be $6,666.67 (calculated by multiplying $53,333.33 by 0.125), which would make the total amount in controversy $60,000. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir.1998)) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *see also Guglielmino*, 506 F.3d at 701 (holding that applying 12.5% of the total amount in controversy is a conservative estimate for attorneys' fees). The Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy is at least $60,000.

However, the parties dispute whether the amount in controversy encompasses any additional damages. Plaintiff argues that lost wages should be calculated only through the date of removal rather than through the completion of trial, as Defendant claims, and that Defendant has not established any emotional distress or punitive damages. Reply at 2–6.

First, as to the parties' dispute about the relevant time period for calculating Plaintiff's lost wages, the Court agrees with Plaintiff that the weight of authority requires

the Court to ascertain jurisdiction at the time of removal rather than the time of trial. *Fortescue v. Ecolab Inc.,* No. CV 14-0253 FMO RZX, 2014 WL 296755, at *2 (C.D. Cal. Jan.28, 2014) ("in determining the amount in controversy, the court declines to project lost wages forward to some hypothetical trial date."); *Soto v. Kroger Co.*, No. SACV 12-0780-DOC, 2013 WL 3071267, *3 (C.D. Cal. 2013) ("the guiding principle is to measure amount in controversy at the time of removal"); *Haase v. Aerodynamics Inc.*, No. 2:09–CV–01751–MCE–GG, 2009 WL 3368519, *4 (E.D. Cal. 2009) ("The amount in controversy must be determined at the time of removal."); *see Gardynski– Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)) ("jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant."); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (limiting amount of lost wages considered in amount in controversy to those accrued at time of removal).

Second, the amount in controversy may include damages for emotional distress, *Kroske*, 432 F.3d at 980, as well as punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). To establish probable emotional distress and punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal.2002); *Surber v. Reliance Nat. Indem. Co.,* 110 F.Supp.2d 1227, 1232 (N.D. Cal.2000); *see Kroske*, 432 F.3d at 980 ("[T]he district court properly considered . . . emotional distress damage awards in similar age discrimination cases in Washington."). Defendant in this case, however, has produced no evidence showing emotional distress or punitive damage awards in cases with analogous facts. Instead, Defendants claim that, "based on Plaintiff's allegations and in particular the allegedly severe and continuing nature of his emotional distress," Plaintiff's emotional distress damages "are far more than nominal in character." Not. Rem. ¶ 7b; Opp'n at 4. As to punitive damages, Defendant simply states that "California courts have indicated punitive damages may, conservatively, be two to three times the amount of compensatory damages," citing two cases that are not analogous to this case because they involve entirely different claims. Not. Rem. ¶ 7c; Opp'n at 4–5.

Defendant fails to provide any evidence of the amount of emotional distress or punitive damages that juries award in wrongful termination cases analogous to this one. For both types of damages, Defendant has made the basic point that these damages are available and could, in theory, be substantial. This is not enough, however, because "conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319

F.3d at 1090–91 (citing *Gaus*, 980 F.2d at 567). Moreover, allowing defendants to claim that the amount in controversy includes punitive damages two to three times the amount of compensatory damages, simply because such punitive damages might be available by law, would significantly erode the jurisdiction of state courts. As a result, the Court rejects this argument.

Thus, Defendant has failed to make the required showing by a preponderance of the evidence—in fact, Defendant has provided no evidence of past jury verdicts whatsoever—that emotional distress and punitive damages in the range of $15,000 are awarded in cases analogous to this case. Based on the record before it, the Court cannot say that it is "more likely than not" that emotional distress and punitive damages would push the amount in controversy up from $60,000 to above $75,000. *Sanchez*, 102 F.3d at 404. Because Defendant has not established that the amount-in-controversy requirement has been met, the Court lacks jurisdiction to hear this case.

## IV.    Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. The Court REMANDS this case the Superior Court of California, Orange County.

The Clerk shall serve this minute order on the parties.